UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY S. WILLIAMS and
ELIZABETH WILLIAMS,

    Plaintiffs,

v.                                  CASE NO.: 8:11-cv-1840-T-23TGW

KATHLEEN BENWAY and PV HOLDING
CORP.,

    Defendants.
_____/

**ORDER**

Anthony and Elizabeth Williams allege (Doc. 2) that Kathleen Benway negligently drove Anthony Williams off the road.  Williams crashed his motorcycle, sustained injuries, and sued Benway and PV Holding Corp. in state court.

An employee of the Federal Trade Commission, Benway asserts that the crash occurred while Benway was acting within the scope of federal government employment. Consequently, Benway removes (Doc. 1) under 28 U.S.C. § 2679(d)(2) and 28 U.S.C. § 1442(a)(1).

Section 2679(d)(2) begins:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed . . . .

The notice of removal states that "[a] certification by the U.S. Attorney attesting that Defendant, Kathleen Benway, was acting within the course and scope of her

employment will be filed" (Doc. 1 at 2), but more than two weeks after removal the defendants submit nothing. See Thompson v. Wheeler, 898 F.2d 406, 409 n.2 (3d Cir. 1990) ("federal jurisdiction lies only after the Attorney General certifies that the federal driver was acting within the scope of his employment").

Removal under Section 1442(a)(1) "must be predicated upon averment of a federal defense." Mesa v. California, 489 U.S. 121, 139 (1989); see generally Jamison v. Wiley, 14 F.3d 222, 237-39 (4th Cir. 1994); Thompson, 898 F.2d at 408-10. "In most routine traffic-accident cases . . . no significant federal interest is served by removal." Mesa, 489 U.S. at 140 (Brennan, J., concurring). The notice of removal states only that "[t]he State court action may [] be removed to this Court pursuant to 28 U.S.C. § 1442(a)(1) because the plaintiffs bring this action against an employee of the United States." (Doc. 1 at 2)

By **September 9, 2011**, the defendants shall submit a certification in accord with Section 2679(d)(2), show cause (by a legal memorandum and an affidavit) why jurisdiction exists under Section 1442(a)(1), or both.

Additionally, the motion (Doc. 3) to dismiss and the amended motion (Doc. 4) to dismiss are **DENIED** as moot because the defendants submit a second amended motion to dismiss. The motion (Doc. 5) for leave to file the second amended motion to dismiss is **DENIED** as moot.

ORDERED in Tampa, Florida, on September 2, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE